COLLIN D. COOK (SBN 251606)
E-Mail: ccook@fisherphillips.com
FISHER & PHILLIPS LLP
One Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 490-9000
Facsimile: (415) 490-9001

AMARIS M. STICH (SBN 274477)
E-Mail: astich@fisherphillips.com
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, CA 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

Attorneys for Defendant
AMERICAN-PARAGON PROTECTIVE SERVICES LLC (erroneously served as AMERICAN PARAGON PROTECTIVE SERVICES, LLC)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON GAZAWAY and ROBERT WILSON,<br><br>Plaintiffs,<br><br>v.<br><br>BILL NELSON, ADMINISTRATOR, NATIONAL AERONAUTICS AND SPACE ADMINISTRATION; KEITH SIUDA; LYNN BALA; AMERICAN PARAGON PROTECTIVE SERVICES, LLC and CHENEGA SECURITY & SUPPORT, LLC,<br><br>Defendants. | Case No: 5:23-cv-04781<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT AMERICAN-PARAGON PROTECTIVE SERVICES LLC'S MOTION TO DISMISS PLAINTIFFS CAMERON GAZAWAY AND ROBERT WILSON'S COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6)**<br><br>*[Filed Concurrently with Notice of Motion; Declaration of Amaris M. Stich; and [Proposed] Order]*<br><br>DATE: January 4, 2024<br>TIME: 10:00 a.m.<br>CTRM: 8<br><br>Complaint Filed: September 18, 2023<br>Trial Date:       TBD |

**TABLE OF CONTENTS**

<u>Page</u>

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u> ................................................................1
I.   INTRODUCTION ...............................................................................................................1
II.  PROCEDURAL HISTORY AND STATEMENT OF RELEVANT FACTS .................2
III. STANDARD OF REVIEW GOVERNING A MOTION UNDER RULE 12(B)(6) ..................................................................................................................................3
IV.  PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(6) BECAUSE PLAINTIFFS HAVE NOT AND CANNOT ALLEGE THAT AMERICAN-PARAGON WAS THEIR EMPLOYER ........................................4
    A.   Plaintiffs Have Not and Cannot Allege that American-Paragon Was Their Employer Under the FEHA and ADEA ................................................5
    B.   Plaintiffs Have Not and Cannot Allege that American-Paragon Was Their Employer Under Title VII .........................................................................6
    C.   Plaintiffs Have Not and Cannot Allege that American-Paragon Was Their Employer Under the NLRA ......................................................................7
V.   CONCLUSION....................................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Ashcroft v. Iqbal,
　556 U.S. 662 (2009) .................................................................................................. 3, 4

Balistreri v. Pacifica Police Dep't,
　901 F.2d 696 (9th Cir. 1990) ........................................................................................ 3

Bell Atl. Corp. v. Twombly,
　550 U.S. 544 (2007) ..................................................................................................... 3

Cahill v. Liberty Mut. Ins. Co.,
　80 F.3d 336 (9th Cir. 1996) .......................................................................................... 8

Caltex Plastics, Inc. v. Lockheed Martin Corp.,
　824 F3d 1156 (9th Cir. 2016) ....................................................................................... 3

Doe I v. Wal-Mart Stores, Inc.,
　572 F.3d 677 (9th Cir. 2009) ........................................................................................ 4

Jenkins v. Jewell,
　No. 1:12-CV-00315-EJL (D. Idaho Feb. 20, 2014) ...................................................... 7

Pakootas v. Teck Cominco Metals, Ltd.,
　905 F.3d 565 (9th Cir. 2018) ........................................................................................ 3

Robinson v. Cal. Bd. of Prison Terms,
　997 F.Supp.1303 (C.D.Cal.1998) ................................................................................. 8

Senne v. Kansas City Royals Baseball Corp.,
　591 F. Supp. 3d 453 (N.D. Cal. 2022) .......................................................................... 8

Steckman v. Hart Brewing, Inc.,
　143 F.3d 1293 (9th Cir. 1998) ...................................................................................... 4

N.L.R.B. v. Triumph Curing Center, Inc.,
　571 F.2d 462 (9th Cir. 1978) ........................................................................................ 8

U.S. Equal Emp't Opportunity Comm'n v. Glob. Horizons, Inc.,
　915 F.3d 631 (9th Cir. 2019) .................................................................................... 6, 7

Vernon v. State of Cal.,
　116 Cal.App.4th 114 (2004) ..................................................................................... 5, 6

W. Mining Council v. Watt,
　643 F.2d 618 (9th Cir. 1981) ........................................................................................ 4

Wynn v. National Broadcasting Co., Inc.,
   234 F.Supp.2d 1067 (C.D. Cal. 2002) ........................................................................................ 5

**Statutes**

Civil Rights Act Title VII ................................................................................................................ 1, 6

**Other Authorities**

Local Rule 6-1(a) ............................................................................................................................. 2

Rule 12(b)(6) ........................................................................................................................... 2, 3, 4, 9

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **INTRODUCTION**

Plaintiffs Cameron Gazaway ("Plaintiff Gazaway") and Robert Wilson ("Plaintiff Wilson") (collectively, "Plaintiffs") bring this action against Defendant American-Paragon Protective Services LLC ("American-Paragon") for claims arising out of their employment with Fiore Industries, Inc. ("Fiore").  Despite asserting zero facts establishing that American-Paragon was their employer or a joint employer, Plaintiffs allege eight causes of action against American-Paragon as follows:  (1) Age Discrimination in Violation of the California Fair Employment Housing Act ("FEHA") and Age Discrimination in Employment Act ("ADEA"); (2) Race Discrimination (including The Crown Act) in Violation of the FEHA and Title VII of the Civil Rights Act ("Title VII"); (3) Religious Discrimination and Harassment in Violation of the FEHA and Title VII; (4) Associational Discrimination (Race and Religion) in Violation of the FEHA; (5) Retaliation in Violation of the FEHA and Title VII; (6) Retaliation of Union Membership and Association in Violation of the National Labor Relations Act ("NLRA"); (7) Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of the FEHA; and (8) Wrongful Termination in Violation of Public Policy and Title VII.  Interestingly, Plaintiffs have not named their former employer, Fiore Industries, Inc., as a party to this action.

At any rate, American-Paragon must be dismissed from this action as the Complaint is not properly pled and cannot be properly pled against American-Paragon.  Indeed, Plaintiffs' Complaint fails to state any cognizable claim against American-Paragon, as Plaintiffs fail to plead any facts that would create a basis for liability.  In particular, Plaintiffs fail to allege any factual basis to hold American-Paragon liable as an "employer" under the FEHA, ADEA, Title VII or NLRA.  To the contrary, Plaintiffs admit that Fiore was their employer at all relevant times.

Moreover, the Complaint only broadly alleges that American-Paragon was a "joint employer" along with Defendants National Aeronautics and Space Administration ("NASA") and Chenega Security & Support, LLC ("Chenega").  However, the Complaint does not state any facts as to how the relationship between American-Paragon and Fiore (or NASA or Chenega) establishes a "joint employer" relationship.  It is well settled law that merely lumping together

defendant entities without any factual basis is insufficient to argue joint-employer liability. Simply put, there are no individualized facts asserted in the Complaint to meet the required pleading standards to overcome a motion under Rule 12(b)(6).[1]

Furthermore, Plaintiffs have declined to amend the Complaint despite American-Paragon's efforts to meet and confer regarding the issues set forth above and in detail below—any efforts to do so would be futile as no facts exist to support liability for any of Plaintiffs' claims as asserted against American-Paragon. (Declaration of Amaris M. Stich ["Stich Decl."], ¶ 2.) Accordingly, this Motion should be granted without leave to amend pursuant to Rule 12(b)(6).

## II.   PROCEDURAL HISTORY AND STATEMENT OF RELEVANT FACTS

On September 18, 2023, Plaintiffs filed the subject civil complaint. (Compl., ECF No. 1.) On November 8, 2023, the Parties entered into a Stipulation to Extend Time for American-Paragon to Respond to Plaintiffs' Complaint to November 27, 2023 pursuant to Local Rule 6-1(a). (Stipulation, ECF No. 22.)

The Complaint alleges that "Plaintiffs were employed by Fiore Industries, Inc." (Compl. 3:22-23, ECF No. 1.) The Complaint further alleges that "Defendant NASA contracts out fire services" and "Defendants CHENEGA and PARAGON were awarded contracts for fire services at Moffett field [and] … sub-contracted with Fiore Industries, Inc. (Id. at 3:20-22, ECF No. 1.) On this basis, the Complaint asserts that NASA, Chenega, and American-Paragon were Plaintiffs' joint employers. (Id. at 3:22-24.) However, the Complaint only broadly alleges that NASA, Chenega, and American-Paragon controlled Plaintiffs' employment. (Id. at 3:24-28, 7:14-16, 7:21-22, 7:26-27, 8:11-13.) Specifically, Plaintiffs allege that "Defendants' joint employers NASA, PARAGON, and CHENEGA required Plaintiffs to receive pre-employment certifications, annual training, and provided daily on-the-job training" [Compl. 7:14-16, ECF No. 1]; "Defendants' joint employers NASA, PARAGON, and CHENEGA had control over when, where, and how Plaintiffs Gazaway and Wilson performed their job duties" [Id. at 7:21-22];

---

[1] All references to Federal Rules of Civil Procedure will abbreviated to Rule(s).

"Defendants' joint employers NASA, PARAGON, and CHENEGA had the right and often did assign additional projects to Plaintiffs" [Id. at 7:26-27]; and "Defendants provided Plaintiffs with a multitude of benefits both financial and health wise. At all times herein, Defendants NASA, PARAGON, and CHENEGA could discharge Plaintiffs Gazaway and Wilson" [Id. at 8:11-13]. The Complaint does not contain any specific facts as it relates to interactions between American-Paragon and Plaintiffs and/or Fiore. (*See* id.)

On November 17, 2023, counsel for American-Paragon and counsel for Plaintiffs met and conferred regarding the deficiencies in Plaintiffs' Complaint, including Plaintiffs' failure to state a claim upon which relief can be granted. (Stich Decl., ¶ 2.) The Parties were unable to informally resolve this dispute. (Id.) Accordingly, American-Paragon was left with no choice but to file the instant motion seeking the dismissal of Plaintiffs' claims.

### III. STANDARD OF REVIEW GOVERNING A MOTION UNDER RULE 12(B)(6)

Under Rule 12(b)(6), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Dismissal is proper where there is either a lack of a cognizable legal theory or an absence of sufficient facts alleged under a cognizable legal theory. Caltex Plastics, Inc. v. Lockheed Martin Corp., 824 F3d 1156, 1159 (9th Cir. 2016); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The United States Supreme Court has held that for a complaint to survive a Rule 12(b)(6) motion, it must, at a minimum, "give the defendant fair notice of what the … claim is and the grounds upon which it rests" and "state claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). To satisfy the "plausibility" requirement, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). It is not the Court's job to "envision hypothetical scenarios" or rely "on judicial imagination" and instead, the plaintiff is required to "make a showing sufficient to establish the existence of an element essential to" his claims. Pakootas v. Teck Cominco Metals, Ltd., 905 F.3d 565, 590 (9th Cir. 2018). To that end, a pleading offering only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" does not meet these requirements. Iqbal, supra, 556 U.S. at 678 (quoting

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT AMERICAN-PARAGON PROTECTIVE SERVICES LLC'S MOTION TO DISMISS

FP 48712050.1

Twombly, supra, 550 U.S. at 555).

Dismissal without leave to amend is proper if no amendment could cure the pleading's deficiencies. *See* Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1296 (9th Cir. 1998) ("Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." [internal citations omitted]). Here, Plaintiffs fail to allege any facts sufficient to demonstrate an employment relationship between themselves and American-Paragon and therefore, all of their employment claims as asserted against American-Paragon must be dismissed in their entirety. Accordingly, American-Paragon requests dismissal of the Complaint in its entirety, without leave to amend.

### IV. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(6) BECAUSE PLAINTIFFS HAVE NOT AND CANNOT ALLEGE THAT AMERICAN-PARAGON WAS THEIR EMPLOYER

Plaintiffs' Complaint as brought against American-Paragon should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint "must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" Iqbal, supra, 556 U.S. at 678 (quoting Twombly, supra, 550 U.S. at 570). Courts are not required to accept "legal conclusions ... cast in the form of factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Rather, the complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" Id.

Plaintiffs fail to allege any facts to establish that American-Paragon was their employer. It is axiomatic that Plaintiffs' various employment claims only lie against Plaintiffs' employer. Thus, the lack of an employer and employee relationship between American-Paragon and Plaintiffs constitutes grounds to dismiss pursuant to Rule 12(b)(6). Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 683 (9th Cir. 2009) (holding that failure to allege specifics that Wal-Mart was plaintiffs' employer constituted grounds for granting motion to dismiss).

///

**A.      Plaintiffs Have Not and Cannot Allege that American-Paragon Was Their Employer Under the FEHA and ADEA**

"[T]here is no cognizable theory under the ADEA [or] the FEHA … upon which one employer can be held jointly and severally liable for the discriminatory practices of another, without an alleged relationship between the two employers."[2]  Wynn v. National Broadcasting Co., Inc., 234 F.Supp.2d 1067, 1092 (C.D. Cal. 2002).  In determining whether the employing entities may be considered "joint employers," the following factors have been considered:  (1) the nature and degree of control over the employees; (2) day-to-day supervision, including discipline; (3) authority to hire and fire the employee and set conditions of employment; (4) power to control pay rates or methods of payment; (5) control of the employee records, including payroll.  See id., citing Torres-Lopez v. May, 111 F.3d 633, 639-40 (9th Cir. 1997).

Additionally, "[a] finding of the right to control employment requires a much more comprehensive and immediate level of 'day-to-day' authority over employment decisions.  The 'right to control' the employment relationship which is essential to subject the defendant to liability is evaluated by focusing on 'an examination of defendant's role with respect to the right to hire, fire, transfer, promote, discipline, set the terms, conditions and privileges of employment, train and pay the plaintiff."  Vernon v. State of Cal., 116 Cal.App.4th 114, 127-28 (2004).

Here, Plaintiffs have not alleged that American-Paragon had any control over Plaintiffs. Instead, Plaintiffs provide non-specific and conclusory statements that lump American-Paragon together with NASA and Chenega, none of which are specific individualized factual allegations to support their contentions that they were employed by American-Paragon.  Specifically, Plaintiffs allege that "Defendants' joint employers NASA, PARAGON, and CHENEGA required Plaintiffs to receive pre-employment certifications, annual training, and provided daily on-the-job training" [Compl. 7:14-16, ECF No. 1]; "Defendants' joint employers NASA, PARAGON, and CHENEGA had control over when, where, and how Plaintiffs Gazaway and Wilson

---

[2] "The scope of 'employer' liability is the same under the ADEA [and] the FEHA"  Id. at1093 (citing Muzquiz v. City of Emeryville, 79 Cal.App.4th 1106, 1115-16 (2000) (recognizing that California antidiscrimination laws are interpreted in accordance with analogous federal law).

performed their job duties" [Id. at 7:21-22]; "Defendants' joint employers NASA, PARAGON, and CHENEGA had the right and often did assign additional projects to Plaintiffs" [Id. at 7:26-27]; and "Defendants provided Plaintiffs with a multitude of benefits both financial and health wise. At all times herein, Defendants NASA, PARAGON, and CHENEGA could discharge Plaintiffs Gazaway and Wilson" [Id. at 8:11-13]. However, such allegations cannot satisfy Plaintiffs' pleading burden as Plaintiffs have failed to explain how American-Paragon purportedly "provided daily on-the-job training [;] … had control over when, where, and how Plaintiffs … performed their job duties[;] … had the right and often did assign additional projects to Plaintiffs[;] … provided Plaintiffs with a multitude of benefits both financial and health wise[;] [and] could discharge Plaintiffs…" Id.; *see* Vernon, supra, 116 Cal.App.4th at 127-28.

Furthermore, the Complaint is devoid of any allegations specific to American-Paragon that would suggest that Plaintiffs ever interacted with American-Paragon in any way. (See Compl., ECF No. 1.) Additionally, there are no allegations that Plaintiffs made any reports of wrongful conduct to American-Paragon. (*See* id.) Accordingly, the Complaint as alleged against American-Paragon should be dismissed, without leave to amend.

### B. Plaintiffs Have Not and Cannot Allege that American-Paragon Was Their Employer Under Title VII

Under Title VII, two entities may be liable for discrimination relating to the terms and conditions of a plaintiff's employment only if they simultaneously share control over those terms and conditions. U.S. Equal Emp't Opportunity Comm'n v. Glob. Horizons, Inc., 915 F.3d 631, 637 (9th Cir. 2019). The appropriate test to apply in the Title VII context is the common-law test, wherein "'the principal guidepost' is the element of control—that is, 'the extent of control that one may exercise over the details of the work of the other.'" Id. at 638; citing Clackamas Gastroenterology Assocs., P.C. v. Wells, 538 U.S. 440 (2003) (internal quotation marks omitted).

A non-exhaustive list of factors to consider when analyzing whether the requisite control exists is as follows:

///

///

> the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

Id.; citing Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 323-24 (1992). "There is 'no shorthand formula' for determining whether an employment relationship exists, so 'all of the incidents of the relationship must be assessed and weighed with no one factor being decisive.'" Id.

As stated above, the Complaint contains only broad assertions that American-Paragon is a joint employer along with NASA and Chenega. This is not enough. In Jenkins v. Jewell, No. 1:12-CV-00315-EJL, at *9 (D. Idaho Feb. 20, 2014), the Court held that the plaintiff was an employee of a staffing agency that contracted with the federal government to provide staffing, and not the federal government. Id. at *7. The Court reasoned that the staffing agency retained control over the work of the plaintiff, including maintain responsibility for controlling, supervising, and managing the plaintiff. Id. at *9. In fact, the staffing agency stationed an on-site supervisor to oversee the plaintiff's work (along with other contract employees), finalize performance appraisals, provide ratings, and write individual comments on the employees' evaluations. Id. at *8. The plaintiff also contacted her supervisor from the staffing agency if she was unable to work a scheduled shift and the plaintiffs' time records were maintained by the staffing agency Id. a *8-9. Here, the Complaint does not allege any such individualized facts as it relates to American-Paragon. Absent such individualized facts, the Complaint is deficient as a matter of law and this Motion must be granted, without leave to amend.

### C. Plaintiffs Have Not and Cannot Allege that American-Paragon Was Their Employer Under the NLRA

"Under the NLRA, 'the existence of a joint employer relationship depends on the control which one employer exercises, or potentially exercises, over the labor relations policy of the

1  other.'" Senne v. Kansas City Royals Baseball Corp., 591 F. Supp. 3d 453, 512 (N.D. Cal. 2022).
2  The National Labor Relations Board has "promulgated four criteria for determining the existence
3  of an integrated enterprise or joint employer: (1) interrelation of operations, (2) common
4  management, (3) centralized control of labor relations, and (4) common ownership or financial
5  control." N.L.R.B. v. Triumph Curing Center, Inc., 571 F.2d 462, 468 (9th Cir. 1978). "… [N]o
6  single criterion is controlling, although … the first three [are] … more critical than the fourth."
7  Id.

8  Here, the Complaint does not explain the interrelation of operations between Fiore and American-Paragon other than stating that NASA contracted its fire services to American-Paragon who then subcontracted with Fiore. (Compl. 3:20-22, ECF No. 1.)  Also, the Complaint contains only general allegations relating to management of the plaintiffs, which are limited to NASA, Chenega, and American-Paragon without any mention of any "common management" or "centralized control of labor relations" with Fiore. (See Id. at 7:21-8:13.)  Additionally, the complaint is devoid of any pertinent dates related to the acts of American-Paragon. Thus, the Complaint falls short of the pleading requirements and must be dismissed as alleged against American-Paragon.

Furthermore, as stated above, Plaintiffs have refused to amend the Complaint to allege additional facts to support a basis for liability against American-Paragon.  Therefore, Plaintiffs should not be granted leave to amend as they cannot state a claim containing an arguable basis of law against American-Paragon.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); see also Robinson v. Cal. Bd. of Prison Terms, 997 F.Supp.1303, 1308 (C.D.Cal.1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing Newland v. Dalton, 81 F.3d 904, 907 (9th Cir.1996)).

///

///

///

## V. CONCLUSION

For the foregoing reasons, American-Paragon requests this Court grant its Motion to Dismiss Under Rule 12(b)(6), without leave to amend.

Dated:  November 27, 2023

FISHER & PHILLIPS LLP

By: */s/ Amaris M. Stich*
COLLIN D. COOK
AMARIS M. STICH
Attorneys for Defendant
AMERICAN-PARAGON PROTECTIVE SERVICES LLC