UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON GAZAWAY and ROBERT WILSON,<br><br>Plaintiffs,<br><br>v.<br><br>BILL NELSON, ADMINISTRATOR, NATIONAL AERONAUTICS AND SPACE ADMINISTRATION, et al.,<br><br>Defendants. | Case No. 23-cv-04781-PCP<br><br>**ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 48, 55 |

Plaintiffs Cameron Gazaway and Robert Wilson bring this lawsuit against American Paragon Protective Services, LLC (APPS); Chenega Global Protection, LLC; and the National Aeronautics and Space Administration (NASA).[1] APPS and NASA move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).[2] For the reasons that follow, the Court grants APPS's and NASA's motions to dismiss with leave to amend.

**BACKGROUND**

Plaintiffs allege that after working for 28 years as battalion chiefs, they were unlawfully terminated by defendants (who were allegedly their joint employers) in September 2022 for not having associate degrees in Fire Science. Plaintiffs allege that NASA contracted out fire services to APPS and Chenega at the Moffett Field site, where they worked. Plaintiffs were allegedly fired by their direct employer Fiore Industries, Inc., to which APPS and Chenega had subcontracted the work at issue. Plaintiffs further allege that they were targeted because they were over 50 years old,

---

[1] Plaintiffs dropped federal NASA employees Keith Siuda and Lynn Bala as defendants in their first amended complaint. Dkt. No. 59, at 20.

[2] Chenega filed an answer to plaintiffs' amended complaint on January 16, 2024. Dkt. No. 52.

had complained about purportedly unlawful practices, and were forming a union. Gazaway, who is black, alleges that he experienced discriminatory comments due to his older age, race, hair, and religion (Messianic Christianity). Wilson also alleges that he was discriminated against because of his association with Gazaway.

Plaintiffs assert the following claims in their complaint: (1) age discrimination in violation of California's Fair Employment and Housing Act (FEHA) by APPS and Chenega; (2) age discrimination in violation of the federal Age Discrimination in Employment Act (ADEA) by APPS, Chenega, and NASA; (3) race discrimination as to Gazaway in violation of FEHA (including California CROWN Act violations)[3] by APPS and Chenega; (4) race discrimination as to Gazaway in violation of Title VII by APPS, Chenega, and NASA; (5) religious discrimination and harassment as to Gazaway in violation of FEHA by APPS and Chenega; (6) religious discrimination and harassment as to Gazaway in violation of Title VII by APPS, Chenega, and NASA; (7) association discrimination as to Wilson (race and religious) in violation of FEHA by APPS and Chenega; (8) retaliation in violation of FEHA by APPS and Chenega; (9) retaliation in violation of Title VII by APPS, Chenega, and NASA; (10) union membership or association retaliation in violation of the National Labor Relations Act (NLRA) by APPS and Chenega; (11) failure to prevent discrimination, harassment, and retaliation in violation of FEHA by APPS and Chenega; (12) wrongful termination in violation of FEHA by APPS and Chenega; and (13) wrongful termination in violation of Title VII by NASA, APPS, and Chenega. Dkt. No. 43. APPS and NASA now move to dismiss under Rule 12(b)(6).

**LEGAL STANDARDS**

The Federal Rules require a complaint to include only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In considering a Rule 12(b)(6) motion contending that a complaint fails to state a claim, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable"

---

[3] The CROWN (Create a Respectful and Open Workplace for Natural Hair) Act (S.B. 188) is a 2019 California law that prohibits discrimination on the basis of hair style and texture.

to the non-moving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029 (9th Cir. 2009). Dismissal is required if the plaintiff fails to allege facts allowing the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). While legal conclusions "can provide the complaint's framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Id.* at 664.

## ANALYSIS

### I. APPS's Motion To Dismiss Is Granted.

APPS argues that all thirteen claims asserted against it should be dismissed because plaintiffs fail to adequately plead facts plausibly establishing that APPS was plaintiffs' joint employer. APPS contends that the complaint repeats group allegations against "Fiore, along with Defendants NASA, APPS, and Chenega" in almost every paragraph and lacks the differentiated allegations against APPS required by Rule 8. *See* Dkt. No. 43, at 8.[4] The Court agrees.

#### A. Plaintiffs Fail To Adequately Plead FEHA and ADEA Claims.

Generally, plaintiffs may only assert FEHA and ADEA claims against their employers. The scope of "employer" liability is the same under FEHA and ADEA. *Compare* Cal. Gov't Code § 12926(d) *with* 29 U.S.C. § 630(b). "The only exceptions under the ADEA [and FEHA] where an entity may be liable for another entity's discriminatory refusal to hire is when (1) the entities can be considered a 'single employer' or 'integrated enterprise,' (2) the entities can be considered 'joint employers,' or (3) the discriminating entity is the agent of the other entity." *Wynn v. National Broadcasting Co., Inc.*, 234 F. Supp. 2d 1067, 1093 (C.D. Cal. 2002). "Two or more employers may be considered 'joint employers' if both employers control the terms and conditions

---

[4] APPS argues that the only allegations against it alone are that "Plaintiffs met with Defendant APPS … regarding their employment generally as well as their fear of and complaint about their potential termination," "Plaintiffs were required to inform NASA's Fire Chief for every single call they responded to and also give notice to APPS," and "APPS' compliance officer or manager had daily oversight over any and all equipment, trucks, tools, and materials used in performing their job duties and responding to emergencies. Plaintiffs reported to APPS compliance manager regularly to ensure all materials functioning and were up to the necessary standards. The compliance officer also had oversight and reviewed Plaintiffs schedules. Said compliance officer regularly conducted site visits at Moffett Field." Dkt. No. 43, at 9.

3

of employment of the employee." *Id.* (discussing the joint employer test in the ADEA context but noting that it applies equally to FEHA). In determining whether two employing entities are joint employers, courts in the Ninth Circuit consider the following factors: (1) the nature and degree of control over the employees; (2) day-to-day supervision, including discipline; (3) authority to hire and fire the employee and set conditions of employment; (4) power to control pay rates or methods of payment; and (5) control of the employee records, including payroll. *Id.* (citing *Torres-Lopez v. May*, 111 F.3d 633, 639–40 (9th Cir. 1997) (hereinafter, the *Torres-Lopez* factors). "A finding of the right to control employment requires a … comprehensive and immediate level of 'day-to-day' authority over employment decisions." *Vernon v. State of Cal.*, 116 Cal. App. 4th 114, 127–28 (2004).

APPS argues that the plaintiffs fail to allege that it and Fiore, which was directly responsible for plaintiffs' termination, jointly employed plaintiffs because plaintiffs do not specify how APPS, *separate and apart from the other defendants*, controlled and supervised them on a day-to-day basis or set their conditions of employment, including pay rates. Plaintiffs respond that *Torres-Lopez* factors are met because APPS's prime contract manager, along with other defendants, "negotiated the terms, conditions, and privileges of Plaintiffs' employment agreement called the NASA Fire Services Contract … including but not limited to their hiring, shift changes, continued employment, termination, educational changes, educational waivers, and other ongoing employment issues." Dkt. No. 43, at 8–9.

The Court agrees that the existing complaint fails to plead facts specific to APPS establishing its FEHA or ADEA liability as a joint employer. As noted already, nearly all of the complaint's allegations about APPS are included in group allegations regarding conduct by "Fiore, along with Defendants NASA, APPS, and Chenega." Given the fact-intensive nature of the joint employment inquiry, these group allegations are insufficient. Indeed, many are inherently implausible given how unlikely it is that all three defendants and Fiore were each engaging in the exact same conduct with respect to the plaintiffs' employment simultaneously.

Because the plaintiffs' existing complaint does not provide the specificity required by Rule 8, the Court must grant APPS' motion to dismiss plaintiffs' FEHA and ADEA claims. In any

4

1  amended complaint, the plaintiffs must allege the specific conduct by APPS, rather than the other

2  defendants, that purportedly renders it a joint employer for the purposes of FEHA and the ADEA.

### B.  Plaintiffs Fail to Adequately Plead Title VII Claims.

Like FEHA and the ADEA, plaintiffs generally may only assert Title VII claims against their employers. *See* 42 U.S.C. § 2000e(b). But Title VII "recognizes that two entities may simultaneously share control over the terms and conditions of employment, such that both should be liable for discrimination relating to those terms and conditions." *U.S. Equal Emp't Opportunity Comm'n v. Global Horizons, Inc.*, 915 F.3d 631, 637 (9th Cir. 2019). Instead of applying the *Torres-Lopez* factors, which focus on the economic reality of a potential joint employment relationship, the Ninth Circuit applies the common law test of control to determine whether an entity constitutes a joint employer under Title VII. In that test, the "principal guidepost is the element of control—that is, the extent of control that one may exercise over the details of the work of another." *Id.* at 638–39. The Supreme Court has provided a list of non-exhaustive factors to consider under this common law control test, including "the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party." *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323–24 (1992).

For the same reasons discussed above with respect to plaintiffs' FEHA and ADEA claims, the existing complaint's reliance on group pleading makes it impossible for the Court to determine whether APPS can be considered a joint employer for the purposes of Title VII. The Court will therefore grant APPS's motion to dismiss plaintiffs' Title VII claims. In any amended complaint, the plaintiffs must allege the specific conduct by APPS, rather than the other defendants, that purportedly renders it a joint employer for the purposes of Title VII.

**C. Plaintiffs Fail To Adequately Plead NLRA Claims.**

Claims under the NLRA must also be asserted against employers. 29 U.S.C. § 152(2). "Under the NLRA, the existence of a joint employer relationship depends on the control which one employer exercises, or potentially exercises, over the labor relations policy of the other." *Senne v. Kansas City Royals Baseball Corp.*, 591 F. Supp. 3d 453, 512 (N.D. Cal. 2022) (citing *Dawson v. Nat'l Collegiate Athletic Ass'n*, 932 F.3d 905, 910 (9th Cir. 2019)).

Again, plaintiffs' group pleading with respect to Fiore and the three alleged joint employer defendants here makes it impossible to determine whether APPS or any of the other defendants can be considered a joint employer for the purposes of the NLRA. The Court therefore grants APPS's motion to dismiss plaintiffs' NLRA claims as well.

As with the claims discussed above, plaintiffs may file an amended complaint to attempt to address this problem. The Court notes, however, that employees who believe their rights under the NLRA have been violated in the manner alleged here generally must file a charge with the National Labor Relations Board rather than filing a complaint in federal court. *See generally* 29 U.S.C. § 160(b). If plaintiffs choose to continue pursuing claims under the NLRA, they must identify the authority suggesting that individual employees have a private right of action to bring such claims directly in federal court rather than before the NLRB.

**II.   NASA's Motion to Dismiss Is Granted.**

NASA similarly argues that plaintiffs' ADEA and Title VII claims against it should be dismissed because plaintiffs fail to allege differentiated conduct by NASA under Rule 8. NASA also argues that plaintiffs do not adequately plead that it was their joint employer.

Plaintiffs contend that for a federal employer in the Ninth Circuit, it is not the common law control test that applies to determine whether an entity is a joint employer for Title VII claims but the test laid out by the Equal Employment Opportunity Commission (EEOC) in *Ma v. Dep't of Health and Human Servs.*, 1998 WL 295965 (E.E.O.C. May 9, 1998). NASA acknowledges that there is a lack of clarity as to which test applies in the Ninth Circuit but argues plaintiffs' claims should be dismissed under Rule 12(b)(6) under either test. Dkt. No. 60, at 6.

For the reasons discussed above, the Court agrees that plaintiffs do not adequately plead

6

facts detailing what purportedly unlawful conduct by NASA, as opposed to the other defendants and Fiore, renders it a joint employer for the purposes of the ADEA and Title VII. The Court therefore grants NASA's motion. In any amended complaint, the plaintiffs must allege the specific conduct by NASA, rather than the other defendants, that purportedly renders it plaintiffs' joint employer.

NASA separately contends that the Court lacks subject matter jurisdiction over many of the causes of action asserted against it because the statutory provisions cited by plaintiffs in support of these claims only govern private employers. *See, e.g.*, 29 U.S.C. § 623; 42 U.S.C. § 2000e-2; 42 U.S.C. § 2000e-3(a). These provisions specifically exclude "the United States, or a corporation wholly owned by the Government of the United States" from the definition of "employer." *Id.* As plaintiffs note, however, other sections of the ADEA and Title VII—specifically 29 U.S.C § 633a and 42 U.S.C. § 2000e-16—expressly cover federal employers. Dkt. No. 59, at 14. Plaintiffs should correct their scrivener's error and cite the correct portions of the relevant statutes in any amended complaint.

## CONCLUSION

For the foregoing reasons, the Court grants APPS's and NASA's motions to dismiss with leave to amend. If they so choose, plaintiffs must file an amended pleading within 30 days.

**IT IS SO ORDERED.**

Dated: July 10, 2024

P. Casey Pitts
United States District Judge