UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CAMERON GAZAWAY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JARED ISAACMAN,<br><br>Defendant. | Case No.  23-cv-04781-NW (SVK)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' REQUEST FOR PRODUCTION**<br><br>Re: Dkt. No. 156 |

Before the Court is the Parties' Joint Submission regarding production of "me too" evidence which came to light in a recent deposition.  Dkt. 156.  The Court determines that this matter may be resolved without oral argument.  Civil L.R. 7-1(b).

Plaintiffs recently deposed Dominique Slaughter, formerly the Director of the Office of Diversity and Equal Opportunity at NASA-Ames Research Center ("NASA-Ames").[1]  In her deposition, Ms. Slaughter revealed that she has a claim for unlawful discrimination, harassment and retaliation against NASA-Ames pending before the EEOC.  *See* Dkt. 156 at 2.   Although the extent is unclear from the Joint Submission, Ms. Slaughter was at least tangentially involved in Plaintiffs' claims of discrimination, harassment and retaliation which are the basis of this lawsuit. *See id*. at 1.  However, it also appears from the Joint Submission that Ms. Slaughter and the Plaintiffs worked in entirely different capacities and departments at NASA-Ames and had "completely different management" chains.  *Id*. at 8.  Plaintiffs also claim that, "in [Ms. Slaughter's] complaint before the EEOC, she also indicated there were approximately six (6) co-workers who also filed complaints against NASA with similar claims."  *Id.* at 2.  These individuals are unnamed and there is nothing more in the record before the Court as to the nature or timing of these claims.  Plaintiffs now seek production of Ms. Slaughter's complaint against NASA as well

---

[1] The remaining Defendant in this action is the Administrator of NASA.

United States District Court<br>Northern District of California

as the complaints of the six unnamed co-workers. *Id*. at 1. Defendants object on the grounds of relevance, proportionality and privacy of the individuals at issue. *Id*. at 5-10.

Having carefully evaluated the facts and the law, including the parameters of relevance and proportionality of Federal Rule of Civil Procedure 26, the Court notes the following salient facts and **ORDERS** as follows:

- Ms. Slaughter was only recently deposed, and the existence of her EEOC complaint came to light at that time. Accordingly, this request is timely under the Local Rules and the undersigned's Standing Order.

- The Court finds no basis in the record to conclude that NASA withheld information regarding the complaints of Ms. Slaughter and/or the six unknown "co-workers." Disclosure of other employees' complaints against a defendant are <u>not</u> required to be disclosed pursuant to General Order no. 71, nor do Plaintiffs identify any specific discovery requests directed to these complaints.

- On the record before it, Ms. Slaughter's connection to Plaintiffs' claims appears to be tenuous, but because this is discovery and therefore not a test of admissibility, the Court concludes that her complaint is potentially relevant and sufficiently proportional to the needs of the case to be produced. Plaintiffs' request as to Ms. Slaughter's complaint is **GRANTED** and the complaint is to be produced by Defendant **no later than February 5, 2025**.

- Conversely, Plaintiffs' claims regarding the six unnamed co-workers are not sufficiently supported to be found proportional to the needs of the case. Plaintiff provides no information regarding these six employees' connections, if any, to Plaintiffs or regarding the nature or timing of these alleged claims. Plaintiffs' request for these complaints is therefore **DENIED**.

**SO ORDERED.**

Dated: January 26, 2026

_____
SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California

2